UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. SANSOE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No. 13-cv-5043-PJH<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

The motion of defendant Ford Motor Company ("Ford") for summary judgment, and the cross-motion of plaintiffs Michael J. Sansoe ("Sansoe") and Eric Frazer ("Frazer") for summary judgment, came on for hearing before this court on May 10, 2017. Plaintiffs appeared by their counsel David J. Canty, Jeffrey A. Kaiser, and Joseph M. Makalusky, and Ford appeared by its counsel M. Kevin Underhill and Amir M. Nassihi. Having read the parties papers, including the supplemental briefing, and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS Ford's motion and DENIES plaintiffs' cross-motion.[1]

This case presents a story of two individuals, Michael J. Sansoe and Eric Frazer, each of whom purchased a Ford truck in November 2007. Each claims that during the next few years, he brought the truck to the dealer's repair facility on multiple occasions.

---

[1] At the same time that they filed their opposition to Ford's motion, plaintiffs filed a one-page "cross-motion" without any evidence or legal argument apart from argument concerning their right under Federal Rule of Civil Procedure 56(g) to file a cross-motion. It is unclear whether plaintiffs intended their cross-motion as an independent motion, as they did not seek leave to file it and did not notice a separate motion.

Each retained a "Lemon Law" attorney, Jon Jacobs, who wrote letters to Ford in October and November 2012 threatening to sue for violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, et seq. ("Song-Beverly Act"), and the California Consumers Legal Remedies Act, Cal. Civ. Code § 1770, et seq. ("CLRA"), if Ford did not replace the trucks or reimburse the owners for the full purchase price.

In each instance, following a period of negotiation, Ford offered a vehicle refund or a replacement vehicle, subject to conditions including that Sansoe and Frazer would be responsible for any missing equipment, abnormal wear, or collision damage. Sansoe and Frazer ultimately accepted Ford's offer, and relinquished the trucks to Ford in exchange for payment (which included payment of Mr. Jacob's attorney's fees). Each compensated Ford for the cost of repairs for the abnormal wear. Each also signed a release of all claims relating to the vehicle.

In October 2013, almost a year after the settlement between Sansoe and Ford, and more than six months after the settlement between Frazer and Ford, Sansoe and Frazer – now represented by different counsel – filed the present action alleging violation of the Song-Beverly Act, the CLRA, and the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL").

In the first amended complaint ("FAC"), filed December 10, 2013, plaintiffs allege that Ford violated the Song-Beverly Act by deducting the charges for repairs for abnormal wear and tear from the refunded amount, because the Song-Beverly Act allows for a statutory mileage deduction but not for a deduction for abnormal wear. They assert that the same actions constituted unfair and unlawful acts and practices under the CLRA and unfair competition under the UCL. Ford now seeks summary judgment, and plaintiffs have filed a cross-motion for summary judgment.

A party may move for summary judgment on a "claim or defense" or "part of . . . a claim or defense." Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Id. Material facts are those that might affect the outcome of the case.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The court finds that Ford's motion for summary judgment must be GRANTED, and that plaintiffs' motion must be DENIED. The CLRA claim fails because the challenged conduct occurred after the sale of the vehicles, and thus could not have constituted deceptive acts that were intended to or did result "in the sale or lease of goods or services to [a] consumer." See Cal. Civ. Code § 1770(a); see also Moore v. Apple, Inc., 73 F.Supp. 3d 1191, 1200 (N.D. Cal. 2014); Harlan v. Roadtrek Motorhomes, Inc., 2009 WL 928309 at *17 (S.D. Cal. Apr. 2, 2009); Daugherty v. Am. Honda Motor Co., Inc., 144 Cal. App. 4th 824, 837 n.6 (2006).

The UCL claim fails because it seeks restitution and injunctive relief, and plaintiffs have an adequate remedy at law. Apart from civil penalties, which are not at issue in this case, the UCL provides only the equitable remedies of restitution and injunctive relief. See Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1144 (2003); Madrid v. Perot Sys. Corp., 130 Cal. App. 4th 440, 452 (2005). However, there is no right to equitable relief or an equitable remedy where there is an adequate remedy at law. Duttweiler v. Triumph Motorcycles (Am.) Ltd., 2015 WL 4941780 at *8 (N.D. Cal. Aug. 19, 2015); see also Collins v. eMachines, Inc., 202 Cal. App. 4th 249, 260 (2011). Here, plaintiffs have an adequate remedy at law under the Song-Beverly Act (even though, as explained herein, the court finds that Ford is entitled to summary judgment on all claims asserted in the FAC). The CLRA claim also fails for this same reason, to the extent it seeks equitable relief. See Nguyen v. Nissan N. Am., Inc., 2017 WL 1330602 at *4-6 (N.D. Cal. Apr. 11, 2017)

Finally, with regard to the Song-Beverly Act claim, it is undisputed that there were two fully executed and performed settlement agreements – one between Sansoe and Ford, and one between Frazer and Ford. Settlement agreements are presumptively valid. Village Northridge Homeowners Ass'n v. State Farm Fire & Cas. Co., 50 Cal. 4th

1  913, 930 (2010). A party to a contract may rescind it if consent was "given by mistake" or
2  "obtained through duress, menace, fraud, or undue influence;" if there is a failure of
3  consideration; if the contract is unlawful; or if the public interest would be prejudiced by
4  permitting the contract to stand. See Cal. Civ. Code § 1689. If there is a basis for
5  rescinding a contract, the rescinding party must "[r]estore to the other party everything of
6  value which he has received from him under the contract." Cal. Civ. Code § 1691(b).

Here, however, it is undisputed and clear from the parties' papers that they do not want to rescind the settlement agreements in their entirety. In particular, plaintiffs have not explained how Ford would be able to locate and return the trucks that plaintiffs previously turned into Ford as part of the settlements, and they also clearly have no interest in paying back the money they accepted from Ford ($65,800.50 in the case of Mr. Frazer, and $53,037.41 in the case of Mr. Sansoe). Instead, plaintiffs want the court to sever two portions of the fully executed agreements – the release, and the condition that plaintiffs pay the cost of repairs for abnormal wear and tear – and declare those portions unconscionable and unenforceable, pursuant to California Civil Code § 1670.5(a).

However, plaintiffs have cited no cases in which a court has only partially enforced a settlement agreement, and the cases plaintiffs rely on in support of their argument regarding severance do not involve fully executed and performed settlement agreements, but rather arbitration provisions in employment contracts, which courts have found easily severable on the basis that they were "collateral agreements." See McIntosh v. Adventist Health/W. St. Helena Hosp., 2013 WL 968293 at *8 (N.D. Cal. Mar. 12, 2013) (citing Armendariz v. Foundation Health Psychcare Servs., Inc., 24 Cal. 4th 83, 118 (2000)); Roman v. Superior Ct., 172 Cal. App. 4th 1462, 1478 (2009) (citing Armendariz, 24 Cal. 4th at 13, 124).

In the arbitration context, numerous cases hold that under California law, courts have discretion to sever an unconscionable provision from a contract, or refuse to enforce the contract in its entirety. See, e.g., Armendariz, 24 Cal. 4th at 122 (citing Cal. Civ. Code § 1670.5(a)). However, severance presupposes two things – that the provision

4

sought to be severed is both procedurally and substantively unconscionable, and that the provision is easily severable and does not permeate the entire agreement. See id. at 114.

Here, neither the settlement agreements themselves nor the challenged provisions are unconscionable. They are not procedurally unconscionable because both plaintiffs were represented by counsel during the negotiation of the settlements, and both had a meaningful choice as to whether to accept Ford's settlement offer or refuse it and file a civil lawsuit to achieve the relief they were seeking. See id. at 113-14. They are not substantively unconscionable because they were freely-negotiated and did not lead to "overly harsh" or "one-sided" results. Id. at 114. Nor have plaintiffs shown that there was any legal prohibition against settling, or that either the agreements as a whole or the challenged provisions were unlawful.

More importantly, the challenged provisions are not severable from the fully executed settlement agreements, and plaintiffs cite no authority that would permit the court to sever portions of a fully executed and performed contract. Indeed, the court requested supplemental briefing following the hearing on the cross-motion, to give plaintiffs an opportunity to explain how the court could or should sever the two challenged provisions from the already-executed and performed settlement agreements. However, plaintiffs were unable to provide any clarification, and have raised no dispute of material fact sufficient to warrant denial of Ford's motion.

Accordingly, the court finds that Ford's motion must be GRANTED and that plaintiffs' motion must be DENIED.

**IT IS SO ORDERED.**

Dated: September 13, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge

5